State, *ex rel.*, *v.* Davidson.

*STATE, *ex rel.*, *v.* DAVIDSON.

(*Jackson.* April 29, 1893.)

NOTARY PUBLIC. *Woman not eligible to office of.*

A woman is not eligible to the office of Notary Public in this State, there being no constitutional or statutory provision enabling her to hold such office.

Cases cited and approved: 131 Mass., 376; 41 Am. Rep., 239; 99 Ill., 501; 39 Am. Rep., 34; 21 Wall., 162; 16 Wall., 130; 6 Allen, 558; 14 Allen, 539.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

GEO. B. PETERS, District Attorney-general, and F. T. EDMONDSON for State.

HOLMES CUMMINS, METCALF & WALKER, E. L. BULLOCK, McCORRY & BOND, TURLEY & WRIGHT, C. W. HEISKELL, GEORGE M. BARTON, JAMES M. GREER, LUKE W. FINLAY, NEIL & DEASON, HAMILTON PARKS, MALONE & MALONE, G. T. FITZHUGH, R. G. BROWN, HUGH N. EDGINGTON, MORGAN & McFARLAND, F. P. POSTON, HENRY CRAFT, JR., S. J. SHEPHERD, H. C. WARRINER, TAYLOR & CARROLL, GANTT & PATTERSON,

* Reported and annotated in 20 L. R. A., 311.—REPORTER.

LEHMAN & LEHMAN, A. H. DOUGLASS, CASEY YOUNG, and A. J. BUCHANAN for Davidson.

WILKES, J. This is an action of *quo warranto* by the State of Tennessee on the relation of Geo. B. Peters, District Attorney-general, and the County Court of Shelby County by its Chairman, W. R. Harrell against F. W. Davidson, for holding, or attempting to hold, the office, and exercise the duties of a Notary Public for Shelby County, Tennessee.

The petition alleges that F. W. Davidson is a *citizen* and resident of Shelby County, Tennessee; is twenty-one years of age, and a *feme sole*. She was duly elected or appointed by the County Court of Shelby County on the —— day of January, 1892, filed the bond and took the oath required by law, and the same were filed in the County Court of Shelby County as the statutes of the State provide.

On the —— day of January, 1892, she was commissioned as such Notary Public by the Governor of Tennessee, under the great seal of State, and has fully complied with all the laws relating to Notaries Public, and when the petition in this cause was filed, was acting as such, and discharging the duties of the office.

The petition charges that she is not eligible to the office because of her sex, but that in every other respect she is fully competent and qualified to fill the office and perform its duties, and that

State, *ex rel.*, *v.* Davidson.

she has complied with all the requirements of the statutes.

It prays that the commission issued to her be recalled, and said election be annulled, and for such other relief as may be appropriate.

To this petition defendant demurred, assigning as cause of demurrer that she is not by reason of her sex ineligible to the said office of Notary Public.

This demurrer was sustained by the Court below, and petitioners have appealed to this Court, and have assigned as error the action of the Court in holding that a *feme sole* is eligible to the office of Notary Public.

The cause has been elaborately argued before the Court upon both sides, and has been carefully considered by the Court.

It appears that in many of the States of the Union a woman is eligible to the office of Notary Public, and qualified, under the laws, to execute the duties of the same. This is so in Alabama, California, Connecticut, Florida, Illinois, Iowa, Kansas, Missouri, Michigan, New Hampshire, Nebraska, New York, South Dakota, and Wisconsin.

In many others they have either been held to be ineligible or the question has never been settled. This is so in Arkansas, Arizona, Colorado, Delaware, Georgia, Idaho, Louisiana, Maine, Mississippi, Maryland, Massachusetts, North Carolina, New Jersey, North Dakota, Nevada, Ohio, Pennsylvania, Rhode Island, South Carolina, Virginia, and Vermont.

The matter depends in each State upon the provisions of the Constitution and statutes.

By the English or common law, no woman, under the dignity of a queen, could take part in the government of the State, and they could hold no offices except parish offices. Robinson's case, 131 Mass., 376; 41 Am. Rep., 239; *Schuchardt* v. *People,* 99 Ill., 501; 39 Am. Rep., 34.

Although a woman may be a citizen, she is not entitled, by virtue of her citizenship, to take any part in the government, either as a voter or as an officer, independent of legislation conferring such rights upon her. *Minor* v. *Happersett,* 21 Wall., 162; *Bradwell* v. *Illinois,* 16 Wall., 130; *Wheeler* v. *Hall,* 6 Allen, 558; *Jackson* v. *Phillips,* 14 Allen, 539.

It follows that unless there is some constitutional or legislative provision enabling her to hold office, she is not eligible to the same.

In the absence of any constitutional restriction, the Legislature may confer the power upon her, but it requires a positive provision in one or the other to make her eligible. 19 Am. & Eng. Enc. of Law, 403.

In the several States which we have enumerated, in which women have been held to be eligible to hold the office of Notary Public, she has been made so by some constitutional or statutory provision.

The Constitution of the State of Tennessee is silent upon the subject. Neither in it nor in the statutes of Tennessee is there any enabling provis-

ion making a woman eligible to hold the office of Notary Public. Under the Act of 1889, Chapter 107, page 213, women are made eligible to fill the office of County Superintendent of Public Instruction. Prior to the passage of this Act, several women had been elected County Superintendents of schools, but the Attorney-general gave an opinion that they were ineligible to hold the office. This opinion led to the passage of the Act 1889, Chapter 107, page 213.

It is true that a woman fills the office of State Librarian, and there is no Act providing therefor; but she is elected directly by the Legislature, which is equivalent to conferring upon her the power to hold the office. But beyond this our Legislature has not gone in the way of positive enabling provisions.

The general statutes relating to offices, and who are eligible to fill the same, are found in the compilation by Milliken & Vertrees, § 936, which provides that "all males of the age of twenty-one years, etc., are qualified to hold office.".

The statutes relating to Notaries Public are compiled in the same book as § 2463 and *sequitur*. In each and all these sections of the statutes the masculine pronoun "he" is used, and in none of them is the feminine used.

But it is said that, under the statutes, Milliken & Vertrees compilation, § 48, it is provided that words used in the statutes importing the masculine gender include the feminine, and that the Court

would be warranted under this provision and from the fact that she may be said to be a citizen, in holding that a female might hold this office. If we should give this statute this broad construction, then we must also hold that a woman is, under our laws, authorized to hold any office, executive, judicial, or otherwise; that she is a qualified voter, and stands in all respects on the same legal footing as males.

We do not feel authorized to make a ruling so utterly at variance with the previous holding of our Courts and the history of our State, in the absence of any legislative provision.

No doubt the General Assembly has the power to make women eligible to this office, if in its sound discretion it see proper so to do, but it has not done so, and we must construe the law and administer it as we find it, and not as we might wish it to be.

We can find no authority, under our present statutes, authorizing a woman to exercise the duties and fill the office of Notary Public, and we are of opinion that she is not eligible to such office under our present statutes.

The judgment of the Court below is reversed, and the cause remanded for further proceedings.